# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2291

_____

Eugene Cortez Saunders,     *
               *
     Appellant,    *
               *  Appeal from the United States
 v.            *  District Court for the Southern
               *  District of Iowa.
Gregory Frost, sued as Officer *
Gregory Frost #942; Gregory Dickel, *  [UNPUBLISHED]
               *
     Appellees.    *

_____

Submitted:  February 15, 2005
Filed:   February 22, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Eugene Cortez Saunders was stopped by Des Moines police officer Gregory Frost. Saunders fled a short distance, then stopped. During Saunders's arrest, Frost struck Saunders with a baton on the back and right knee. Officer Gregory Dickel arrived later and allegedly stood on Saunders. Saunders later brought this civil rights action against the officers claiming excessive force. At his jury trial, Saunders introduced his medical records, which showed significant pre-arrest problems with his right knee, including a surgery nine years earlier. No expert testimony was presented showing a connection between Saunders's knee problems and the officer's

blows. At the close of Saunders's case in chief, the district court[*] granted the officer judgment as a matter of law on the issue of proximate cause. Saunders appeals arguing he presented sufficient evidence of pain and injury to allow the case to go to the jury.

Although Saunders had surgery on his right knee months after his arrest to remove a loose body, he was diagnosed with a right knee loose body secondary to degenerative joint disease, right knee severe degenerative joint changes, and an ACL deficient knee. Contrary to Saunders's claim that the baton blows broke his knee and caused the need for the surgery to remove broken bone, the medical records show the piece of bone that was removed was not broken off anything. Instead, the loose mass grew in Saunders's knee because of joint disease. Saunder's knee had a long medical history marked by earlier traumas and an earlier surgery. Under the circumstances, we agree with the district court that Saunders's injury was sophisticated requiring Saunders to prove causation by expert testimony. Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002); Turner v. Iowa Fire Equip. Co., 229 F.3d 1202, 1210 (8th Cir. 2000). Because Saunders failed to do so, no reasonable juror could have found in favor of Saunders, and the district court properly granted the officers' motion for judgment as a matter of law. Robinson, 292 F.3d at 563-64. We decline to consider Saunders's argument that he should have been allowed to go the jury because he showed pain and suffering. Saunders failed to raise the argument in the district court.

Accordingly, we affirm.

———————————————————

———————————

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.